PROB 12B
(7/93)

Report Date: May 23, 2006

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 24 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Serena Dunn                         Case Number: 2:05CR00126-019

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley, Chief U.S. District Judge

Date of Original Sentence: 03/23/2006                 Type of Supervision: Supervised Release

Original Offense: Conspiracy to Distribute 5          Date Supervision Commenced: 03/23/2006
Kilograms or More of a Mixture or Substance
Containing Cocaine and 500 Grams or More of a
Mixture or Substance Containing Cocaine and 500
Grams or More of a Mixture or Substance Containing
Methamphetamine, 21 U.S.C. § 846, 841(a)(1) and
841(b)(1)(A)

Original Sentence: Prison - 6 Months; TSR - 60        Date Supervision Expires: 03/22/2011
Months

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

18. You shall not enter into, or remain in any establishment where alcohol is the primary item of sale.

19. You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

## CAUSE

**Mandatory Condition #2**: The defendant shall not commit another Federal, state, or local crime.

**Supporting Evidence**: Serena Dunn violated conditions of supervised release in Spokane, Washington, on or about March 31, 2006, by being arrested for driving under the influence. Driving under the influence is a gross misdemeanor, with a maximum term of confinement of 1-year, as outlined in R.C.W. 46.61.502.

According to an incident report received from the Spokane Police Department, at 5:50 p.m., a Spokane police officer was beginning his shift. As the officer drove out of the Spokane Police Department basement, the officer observed a pink Chevrolet Monte Carlo that appeared to be speeding. The officer drove to the security gate and was leaving the driveway when the officer heard the vehicle's horn sound, and then heard the sound of spinning tires on gravel. The vehicle was then observed traveling in excess of 25 miles per hour. The officer stopped the vehicle. The driver was identified as Serena Dunn. Ms. Dunn later told the officer that she had driven into the north lot on the west side of the Spokane County Jail, honked her horn for her husband, Todd Stamps, who was incarcerated, and drove back out of the parking lot.

When the officer contacted Ms. Dunn, she had the odor of intoxicants on her breath, and she admitted to drinking "Steel Reserve" (malt liquor) earlier in the day. Her speech was somewhat rapid, and her eyes were blood-shot and glassy. Ms. Dunn had her son, Marcellus, in the vehicle with her. As Ms. Dunn was stopped a block away from where she lived, friends came and took Ms. Dunn's son.

Ms. Dunn agreed to submit to field sobriety tests. At the conclusion of the field sobriety tests, the officer placed Ms. Dunn under arrest for driving under the influence. She was transported to the Breathalyzer room and submitted to testing. The Breathalyzer results were .103 and .116.

It should be noted that Ms. Dunn also failed to notify her U.S. probation officer within 72 hours of being arrested or questioned by a law enforcement officer. She provided this information on April 5, 2006, when she reported to the office. She was not charged with this violation as she did not have a copy of her revised supervised release conditions until April 5, 2006.

On April 5, 2006, Ms. Dunn admitted that she drove her vehicle while intoxicated and she admitted that she violated conditions of home detention by driving around the Spokane County Jail. She would not agree to modification of conditions of supervised release by going to the halfway house.

Ms. Dunn is scheduled for a pretrial hearing in regard to her driving while intoxicated charge on May 1, 2006.

**Standard Condition #7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: Serena Dunn violated conditions of supervised release by consuming an excessive amount of alcohol on March 31, 2006, as indicated above.

**Special Condition #1**: As a condition of supervised release, the defendant was ordered to serve 3 months home detention without electronic monitoring. She is restricted to her residence at all times, except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearance, court-ordered obligations, or other activities as pre-approved by the supervising probation officer.

**Supporting Evidence**: Serena Dunn violated conditions of supervised release by violating home detention by driving around the Spokane County Jail attempting to get her husband's attention. The parameters of home detention were personally explained to Ms. Dunn on March 23, 2006, after her sentencing hearing.


**U.S. Probation Officer Action**: Since the violation report submitted to the Court on April 27, 2006 (as outlined above), Ms. Dunn has continued to report as directed to the U.S. Probation Office and has continued treatment with Tom Stebbins. In addition, she was referred to New Horizons Counseling Services for treatment. Both of her therapists are supportive of Ms. Dunn continuing treatment in the community.

Originally, this officer had suggested to Ms. Dunn that a placement at Bannum Corrections Center was an appropriate sanction. Since that suggestion, Bannum has closed and offenders were placed at Geiger Corrections Center. Due to the tenuous situation with the corrections center and the support Ms. Dunn has from both of her therapists, an agreed modification appears to be the best course of action.

Respectfully submitted,

by *Gloria Petretee*

Gloria M. Petretee
U.S. Probation Officer
Date: May 23, 2006

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

May 24, 2006
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

18    You shall not enter into, or remain in any establishment where alcohol is the primary item of sale.

19    You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

Witness: _____    Signed: _____
                Gloria M. Petretee                         Serena Dunn
               U.S. Probation Officer              Probationer or Supervised Releasee

                                          5/23/06
                                          Date